HODGES, APPELLANT, *v.* HODGES, APPELLEE.

(No. 2424—Decided May 25, 1988.)

*John R. Hammond,* for appellant Karen S. Hodges.
*U. Timothy Juergens,* for appellee Randy S. Hodges.

*Per Curiam.* The issue in this case is whether the trial court, in a domestic relations action, as part of its divorce decree, may award the dependency exemption for federal and state income

tax purposes. Plaintiff-appellant Karen S. Hodges argues that pursuant to Section 152, Title 26, U.S. Code, as amended, a state court is without authority to determine who may claim the dependency exemption for federal income tax purposes.

Ms. Hodges' sole assignment of error is as follows:

"The court erred in granting the appellee entitlement to the tax dependency deduction [*sic*]."

Ms. Hodges does not argue that the trial court abused its discretion in awarding the exemption for income tax purposes. She bases her argument exclusively upon the proposition that the dependency exemption is controlled by the federal Interal Revenue Code, and that a state court is without authority to award a dependency exemption as part of the general discretion available to it in divorce proceedings.

While Ms. Hodges makes a compelling argument, we agree with Mr. Hodges that this issue is controlled by *Hughes* v. *Hughes* (1988), 35 Ohio St. 3d 165, 518 N.E. 2d 1213. We are bound by the holding of the Ohio Supreme Court in that case. In *Hughes,* the Supreme Court clearly held that a state trial court may, in a domestic relations action, award the dependency exemption for federal income tax purposes. It follows, therefore, that the dependency exemption for state income tax purposes will be similarly controlled, since R.C. 5747.01(O) defines "dependents" for state income tax purposes by incorporating by reference the definition thereof in the federal Internal Revenue Code, "and as claimed in the taxpayer's federal income tax return."

In view of the holding in *Hughes, supra,* we must overrule Ms. Hodges' sole assignment of error.

Accordingly, the judgment of the trial court will be affirmed.

*Judgment affirmed.*

KERNS, P.J., WOLFF and FAIN, JJ., concur.